IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENTLANDS SQUARE, LLC                :
                                   :
   v.                              :   Civil Action No. DKC 22-3229
                                   :
NOT YOUR AVERAGE JOE'S INC.          :
                                   :

**MEMORANDUM OPINION and ORDER**

Defendant Not Your Average Joe's, Inc. ("NYAJ") removed this action from the Circuit Court for Montgomery County, Maryland to this court on December 14, 2022, asserting diversity jurisdiction. (ECF No. 1). NYAJ filed an Answer on December 21 (ECF No. 9) and the court entered a scheduling order the same date (ECF No. 10).

The parties filed an "Agreed Remand Order" on December 29, 2022, advising that they "agree this matter should be remanded to the Montgomery County Circuit Court." (ECF No. 11). The paper will be construed as a motion to remand and, because it provides no reason why the court should remand the case, will be denied without prejudice.[1]

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the

---

[1] If the parties still desire to avoid federal court, they may consider stipulating to a dismissal of the case and refiling in state court.

defendants." Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship must exist to satisfy § 1332's diversity requirement.

The United States Supreme Court has held "that a district court may not remand a case to a state court on a ground not specified in the removal statute." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 (1988) (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976)). Indeed, "an agreement to remand between the parties constitutes 'a ground not specified in the removal statute.'" *Mestas v. State Farm Mut. Auto. Ins. Co.*, No. EP-14-CA-00075-FM, 2014 WL 12874059, at *2 (W.D.Tex. Mar. 25, 2014); see also *Blake v. ACE Am. Ins. Co.*, No. 2:07-CV-00620, 2008 WL 687449, at *3 (S.D.W.Va. Mar. 11, 2008) ("I cannot remand a case simply because the parties have come to an understanding after removal.").

This case was removed based on diversity jurisdiction, and it was represented in the notice of removal that there is complete diversity of citizenship between the parties. The court has no discretion to remand a case when diversity jurisdiction exists. *See Thermtron Prods., Inc.*, 423 U.S. at 345 n.9, *abrogated on other*

2

*grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) ("Lower federal courts have uniformly held that cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute.").

Accordingly, it is this 10th day of January, 2023, by the United States District Court for the District of Maryland, ORDERED that:

1. The "Agreed Remand Order" construed as a motion to remand (ECF No. 11) BE, and the same hereby IS, DENIED without prejudice; and

2. The Clerk will transmit a copy of this Memorandum Opinion and Order to counsel for the parties.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge